JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** OJ COMMERCE, LLC

**DEFENDANTS** ASHLEY FURNITURE INDUSTRIES, INC.

**(b)** County of Residence of First Listed Plaintiff **Broward County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Trempealeau County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Boies Schiller Flexner LLP
100 SE 2nd St., Suite 2800

Attorneys *(If Known)*
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** (See instructions): a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE:                                           DOCKET NUMBER:

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE May 25, 2018
SIGNATURE OF ATTORNEY OF RECORD *Raquel Fernandez* (signature)

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       IFP       JUDGE       MAG JUDGE

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI. **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

VIII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CASE NO. _____

OJ COMMERCE, LLC

    Plaintiff,

vs.

ASHLEY FURNITURE INDUSTRIES, INC.,

    Defendant.

_____/

## DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC.'S NOTICE OF REMOVAL

Defendant, Ashley Furniture Industries, Inc. ("Ashley"), by and through its undersigned counsel, hereby removes this action to the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1332(a).

### I. INITIAL SERVICE OF COMPLAINT

On April 30, 2018, Ashely was first served with a Summons together with a copy of the Complaint filed by Plaintiff, OJ Commerce, LLC ("OJ"). Accordingly, this Notice of Removal is timely filed pursuant to 28 USC § 1446 as it is filed within 30 days of same. *See, e.g. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999) (the time window for removal in section 1446 (b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

## II.     BASIS FOR REMOVAL

This action is removable to this Court under 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction because Plaintiff and Defendant are not citizens of the same state, Defendant is not a citizen of Florida, and the amount in controversy exceeds $75,000.00.

**A.     Diversity of Citizenship Exists between OJ and Ashley**

While diversity of citizenship must exist at the time of the filing of the Complaint, allegations of diversity are not required to exist *in* the Complaint in order for an action to be properly removed. *Huchon v. Jankowski*, 2007 WL 221421 *2 (S.D. Fla. 2007) (*citing Davis v. Cluet, Peabody & Co.*, 667 F. 2d 1371, 1373 (11th Cir. 1982)). Accordingly, this Court may consider the information set forth herein and attached hereto, as well as the allegations of the Complaint, in assessing whether diversity of citizenship exists between Plaintiff and Defendant. *Huchon*, 2007 WL at *2.

Here, the Complaint states that OJ "is a Delaware corporation with its principal place of business in Broward, County, Florida,[1]" but this allegation alone is insufficient to establish the citizenship of OJ. As the Eleventh Circuit has made clear, a limited liability company such as OJ is a citizen of any state of which a member of the limited liability is a citizen. *See e.g. Rolling-Greens-MHP, LP v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004). The members of OJ are Jacob Weiss, a citizen of Florida, and OJCommerce.com, Inc., a Delaware corporation with its principal place of business in Florida, as confirmed by counsel for OJ, Velvel Freedman, Esq. Thus, OJ is a citizen of both Delaware and Florida.

As alleged in the Complaint, Ashley is a Wisconsin corporation with its principal place of business in Wisconsin. *See* Complaint attached hereto as part of Composite Exhibit A, ¶ 2.

---

[1] *See* Complaint attached hereto as part of Composite Exhibit A, ¶ 1.

Thus, Ashley is a citizen of Wisconsin, *See Lazo v. US Airways, Inc.,* 2008 WL 3926430, *2 (S.D.Fla. 2008) (citing *McCormick v. Adlerholt*, 293 F3d 1254, 1257 (11th Cir. 2002)) (A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.).

Accordingly, complete diversity of citizenship exists in this action.[2]

**B.** **The Amount in Controversy Exceeds $75,000.00**

While the Complaint refers to the "significant amounts of money[3]" that OJ seeks to recover through this action, the Complaint does not allege a specific amount in controversy. A defendant, however, may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal, including the amount of a pre-suit demand by the plaintiff. *See, e.g. AAA Abachman Enterprises, Inc. v. Stanley Steemer Intern., Inc.,* 268 Fed. Appx. 864, 866-867 (11th Cir. 2008)(relying on plaintiff's demand letter seeking more than $75,000 to establish federal jurisdiction); *Katz v. J.C. Penney Corp., Inc.,* 2009 WL 1532129, * 4 (S.D. Fla. 2009)("pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.")

---

[2] Counsel for OJ agrees that complete diversity of citizenship exists in this action. *See, e.g. Katz v. J.C. Penney Corp., Inc.,* 2009 WL 1532129, *2-*3 (S.D. Fla. June 1, 2009)("Plaintiffs fail to deny the existence of diversity and fail to allege any facts to demonstrate that diversity does not in fact exist. This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiff's."); *Huchon v. Jankski*, 2007 WL 221421 (S.D. Fla. Jan. 25, 2007)("as Plaintiff merely argues the pleading is insufficient, but does not contest the existence of actual diversity, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand . . . is Denied."); *Katchmore Luhrs, LLC v. Allianz Global & Corporate Specialty*, 2016 WL 1756911, n. 2 (S.D. Fla. May 3, 2016)("The Court notes that where a plaintiff fails to actually deny the existence of diversity (choosing instead to simply claim the pleadings were insufficient), other courts in this district have held that the notice of removal's allegations that the parties are diverse established diversity jurisdiction.").

[3] Complaint attached hereto as part of Composite Exhibit A, ¶ 41

It is OJ's demand for these damages, rather than OJ's likelihood of success on the merits, which is pertinent for determining the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Here, OJ provided Ashley with a very detailed written pre-suit demand specifying the actual costs purportedly incurred by OJ which it seeks to recover through this lawsuit. *See* Exhibit B hereto (demand letter). These costs alone total $462,000. *Id.* This figure does not include "any amounts for lost opportunities, consequential or special damages, [or] claims for damages to goodwill, [or] reputation," which OJ also seeks to recover through this lawsuit in addition to actual costs. *Id. See also* Complaint attached hereto as part of Composite Exhibit A, wherefore clauses (seeking "special, consequential, and incidental damages" in addition to actual costs).

Consistent with this demand, counsel for OJ, Mr. Freedman, has orally reiterated to undersigned counsel, Mitchell Widom and Raquel Fernandez, that the damages sought in this action are far in excess of $75,000. Mr. Freedman was unwilling to stipulate that there is less than $75,000 in dispute in this action.

Thus, the $75,000 jurisdictional requirement is clearly met. *See, e.g. Galano v. Target Corp.*, 2017 WL 7803809, *5 (S.D. Fla. November 13, 2017)(relying on Plaintiff's pre-suit demand, and Plaintiff's failure to stipulate that the amount in controversy did not exceed $75,000 to deny motion to remand); *Lipnack v. National Union Fire Ins. Co. of Pittsburgh*, 2017 WL 4276063, * 2 (S.D. Fla. 2017)(relying on two pre-suit demand letters to establish amount in controversy requirement); *Gillinov v. Hillstone Restaurant Group, Inc.,* 92 F. Supp.3d 1251, 1254-1255 (S.D. Fla. 2015)(relying on pre-suit demand to establish amount in controversy requirement); *Wal-Mart Stores, Inc. v. Companion Specialty Ins. Co.*, 2014 WL 11776941, *1 (S.D. Fla. Sept. 2, 2014) ("Courts have held ... that pre-suit demand letters, coupled with a

plaintiff's refusal to stipulate to alleged damages or to deny the information contained in the pre-suit demand, demonstrate that the amount in controversy in a case exceeds the jurisdictional limit."); *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *6-*7 (S.D. Fla. June 1, 2009)(relying on pre-suit demand to establish the amount in controversy requirement met).

### III. THIS DISTRICT EMBRACES THE PLACE WHEREIN THE REMOVED ACTION WAS PENDING

Pursuant to 28 U.S.C. § 1446(a), this case is properly removed to this Court because it is the United States District Court for the district and division embracing the place wherein the removed actions was pending.

### IV. PLEADINGS IN THE STATE COURT ACTION

Pursuant to 28 U.S.C. § 1446(d), Ashely is filing this Notice of Removal with this Court, serving a copy of the Notice of Removal upon all counsel of record and filing a copy in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint served on Ashely, as well as all additional papers on file with the state court, are attached as Composite Exhibit A.

### V. CONCLUSION

WHEREFORE, defendant Ashley respectfully requests that the Court accept jurisdiction and make such further orders as may be just and proper.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Defendant Ashley Furniture Industries, Inc.*
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

BY:  */s/ Mitchell E. Widom*
**MITCHELL E. WIDOM**
Florida Bar No. 473911
mwidom@bilzin.com
**RAQUEL M. FERNANDEZ**
Florida Bar No. 55069
rfernandez@bilzin.com
eservice@bilzin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2018, I caused the foregoing documents to be served on all counsel of record via CM/ECF system.

By: */s/Mitchell E. Widom*
      Mitchell E. Widom, Esq.