UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OJ COMMERCE, LLC,                                  Case No.: 18-cv-61185-UU

    *Plaintiff,*

-vs-

ASHLEY FURNITURE INDUSTRIES, INC.

    *Defendant.*

_____/

## AGREED ESI PROTOCOL

OJ Commerce LLC and Ashley Furniture Industries, Inc. (collectively referred to as the "Parties") hereby agree that the following protocol regarding the production of electronically stored information and paper documents ("ESI Protocol") shall govern in the above-captioned case (the "Action").

I. **GENERAL PROVISIONS**

    A. **Applicability:** This Protocol will govern the production of computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media ("ESI").

    B. **Cooperation:** The Parties shall cooperate to identify and facilitate access to the contents of encrypted, password-protected, corrupted or difficult-to-access files produced. The Parties will work cooperatively to fashion reasonable, precise and cost-effective search strategies and to agree upon and implement appropriate measures for quality assurance and quality control. The Parties are obliged to be forthcoming and transparent. The Parties shall work cooperatively to resolve as quickly as possible any ESI discovery issues.

    C. **Production Media & Protocol:** Unless the Parties agree otherwise, the production media for documents shall be a secure FTP or other reputable file sharing software like dropbox, or google drive, with a link and/or account access provided via email.

D.  **Definitions**

1. **"Custodial ESI":** The phrase Custodial ESI refers to ESI associated with a particular individual, such as email authored or received by a document custodian.
2. **"Documents"** includes relevant writings, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records or data compilations—stored in any medium from which information can be obtained.
3. **"Electronically stored information"** or **"ESI,"** as used herein, means and refers to relevant computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media.
4. **"Metadata"** means and refers to information about information or data about data, and includes without limitation (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.
5. **"Static Image"** means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems.

E.  **Document and Data Sources**

To the extent required, the Parties shall cooperate to agree on search terms, date ranges, databases, and custodians. The Parties shall conduct the searches themselves and produce all relevant documents and ESI.

The Parties agree to search repositories, including databases, email servers or relevant portions thereof only to the extent that the party reasonably anticipates they contain responsive documents, after making good faith inquiry.

For custodial searches, if any, the Parties will search any electronic files or folders, or other parts of media, including any internal and external hard drives and other ESI data required to be retained and reasonably available to the custodian in the ordinary course of business that the custodian reasonably anticipates may contain Responsive Documents, after making good faith inquiry.

Unless specifically requested, the Parties will not produce common system files and application executable files.

A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across Custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible or a party may want to utilize a "near-duplication" procedure, the Parties shall meet and confer to discuss any other proposed method of de-duplication which is reasonable under the circumstances.

## II. DISCLOSURE

Within 20 days of this order, the parties shall disclose:

- The identity, employment position and employment address of ESI custodians that may have relevant information or information that would potentially lead to the discovery of admissible evidence in this matter;

- The structure of their respective computer systems and a descriptive identification of all relevant software, including the identity and number of servers, computers, electronic devices and email accounts that may contain relevant information or information that would potentially lead to the discovery of admissible evidence in this matter.

- The existence and nature of ESI preservation policies.

## III. GENERAL PRODUCTION FORMAT PROTOCOLS

The Parties expect the discovery in this case to be almost exclusively files created by common programs used for e-mail, word processing, and other office functions. To that end, the Parties are discussing and attempting to agree on production formats that are both proportionate to the needs of the case and manageable. The Parties will consult with ESI vendors to determine the costs associated with some of the current production format proposals, and hope to reach agreement on the form of production shortly. To the extent the Parties cannot reach agreement, they will seek the Court's assistance.

## IV. SPECIAL ESI ISSUES

A. **Password-Protected or Encrypted Files:** With respect to any ESI items that are password-protected or encrypted, the producing Party will take reasonable steps based on industry standards to break the protection so that the document can be reviewed and/or produced. In the event that encrypted or password-protected documents, which are reasonably likely to be responsive to document requests, remain for a particular custodian after such reasonable efforts have been made, the producing party shall let the

        receiving party know the total number of such documents and each individual producing party shall meet and confer with the receiving party.

V.        **Modifications:** Any practice or procedure set forth herein may be varied by agreement of the Parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents or ESI.