**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:18-cv-61185-UU

OJ COMMERCE, LLC,

     Plaintiff,

v.

ASHLEY FURNITURE INDUSTRIES, INC.,

     Defendant.

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration or to Alter, Amend or for relief from Judgment so as to Amend its Complaint (the "Motion"). D.E. 29. The Court has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For the following reasons the Motion is DENIED.

### I.    Background

Plaintiff is a Delaware corporation, whose primary business is e-commerce retail, selling products to consumers through online marketplaces. D.E. 11 ¶ 1. Defendant is a Wisconsin corporation that manufactures furniture to be sold to retailers like Plaintiff. *Id.* ¶ 2. In 2013, Plaintiff entered into an Electronic Commerce Agreement with Defendant, wherein Plaintiff would receive orders from its customers, submit the orders to Defendant, Defendant would ship the orders directly to Plaintiff's customers, and Plaintiff would pay Defendant for these products. D.E. 11.

Plaintiff alleged that subsequently, at various dates throughout 2017, the parties engaged in a series of oral discussions regarding: Plaintiff's marketing of Defendant's products, Plaintiff's entering into a separate shipping relationship with a third party to benefit Defendant, and integration of Plaintiff's inventory system with Defendant's inventory system. Each of these obligations on the part of Plaintiff was to continue through the end of 2018. The parties had a final

1

meeting on December 7, 2017, in which Defendant re-asserted all of its previous requests and in which Plaintiff agreed to expand its inventory and integrate its systems with Defendant's systems. D.E. 11 ¶ 20. In exchange, Defendant promised Plaintiff that it would have more access to its goods on its website, would earn back its investment by Defendant offering discounts on products sold to Plaintiff's customers, and that Defendant would support Plaintiff with personnel and promotions. None of these discussions were ever written down. On February 13, 2018, Defendant terminated its relationship with Plaintiff because it was changing its distribution strategy. D.E. 11 ¶ 31.

Plaintiff brought suit alleging that Defendant breached their oral contract(s), or in the alternative, promissory estoppel; fraudulent misrepresentation; negligent misrepresentation; and unjust enrichment. Defendant moved to dismiss, arguing that the written Electronic Commerce Agreement barred Plaintiff's claims, Plaintiff's claims were barred by the Statute of Frauds; and the complaint contained fatal pleading deficiencies.

The Court granted Defendant's motion to dismiss with prejudice. D.E. 27. The Court found that Plaintiff's claims were barred by the statute of frauds because each "oral contract" entered into in 2017 required performance through the end of 2018. The Court also found that the statute of frauds barred Plaintiff's equitable claims under Florida law. Lastly, the Court found that Plaintiff had failed to plead an unjust enrichment claim for the benefit of increased marketing and could not plausibly amend its complaint to state a claim for unjust enrichment. In the instant Motion, Plaintiff moves to reconsider under Rule 59(e), arguing that the Court erred in holding Plaintiff's full performance could not take the contracts out of the statute of frauds, that the Court misunderstood Plaintiff's complaint because it ignored a fifth oral contract, which did not require performance through the end of 2018. Plaintiff also argues that the Court committed legal error by

not considering whether it could "sever" the portions of the oral contracts subject to the statute of frauds, and that it can now plausibly allege a claim for unjust enrichment. D.E. 29.

## II.      Legal Standard

 "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). In order to succeed on a Rule 59(e) motion, "the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." *Id.* at 1358.

## III.     Analysis

### A.  Performance Exception & Statute of Frauds

Plaintiff first argues that under Florida law, full performance by Plaintiff removes an agreement from the statute of frauds. D.E. 29; *see Terzis v. Pompano Paint & Body Repair, Inc.*, 127 So. 3d 592, 595 (Fla. 4th DCA 2012) (explaining that full performance by one party removes an oral agreement from the statute of frauds). Therefore, as Plaintiff alleged that it fully performed the oral contracts, the Court erred in holding they were subject to the statute of frauds. Firstly, the Court addressed this argument in its order, and as this Court has previously stated, a "motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made." *Marrero v. Benitez*, No. 1:17-CV-21026-UU, 2017 WL 6601468, at *1 (S.D. Fla. Oct. 25, 2017) (Ungaro, J.) (quotation omitted). Secondly, as Defendants rightly note, this exception only applies to claims at equity, for example, specific performance, it does not apply to claims purely for damages. Here, Plaintiff only sought damages,[1] not specific performance of the oral contracts, and

---

[1] Plaintiff also brought equitable claims for damages such as unjust enrichment and promissory estoppel. Not only do these claims also seek damages, but the Court previously explained that all of these theories were barred by the statute

the exception is therefore inapplicable. *See* D.E. 11; *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1352 (S.D. Fla. 1999), *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical,* 235 F.3d 1344 (11th Cir. 2000) (holding that the "performance exception to the Statute of Frauds applies only when a plaintiff seeks purely equitable relief.") (quotation omitted). *Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991) (Holding performance by one party did not take claim out of statute of frauds because "[i]n this case, Dwight sought only monetary compensation for his damages."); *Eclipse Medical, Inc., v. American Hydro–Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 1346 (S.D.Fla.1999) ("Florida courts have uniformly held that the 'performance exception' to the Statute  . . . of Frauds applies only when a plaintiff seeks purely equitable relief."); *White Const. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1336 (M.D. Fla. 2009) (holding full performance by plaintiff did not take claims out of statute of frauds because plaintiffs "do not appear to be seeking equitable relief in the form of specific performance of the oral contract.").

Even assuming this exception applied, Plaintiff's allegation that it fully performed the contracts is completely conclusory: "OJC has satisfied all conditions precedent to the contract, and has otherwise performed its obligations to Ashley." D.E. 11 ¶ 36. To be sure, Plaintiff also points to numerous paragraphs of its complaint to indicate that it fully performed its obligations under each oral contract. D.E. 29 at 5-6. But, some of these contracts contain obligations running through the end of 2018, D.E. 29 at 6, and none of these paragraphs indicate that Plaintiff fully performed the contracts. At best, they indicate that Plaintiff began performance on some of these nebulous obligations. *See, e.g.,* D.E. 29 at 5 (alleging that in a July 2017 oral agreement, Plaintiff undertook

---

of frauds. *See Tews v. Valdeon,* No. 12-23026-CIV, 2013 WL 533201, at *3 (S.D. Fla. Sep. 23, 2013) ("[t]he statute of frauds applies to claims for unjust enrichment where the unjust enrichment arose from the alleged contract."); *Conner, I, Inc. v. Walt Disney Co*., 827 So.2d 318, 319 (Fla. 5th DCA 2002) ("To the extent that [Plaintiff] attempts to assert tort claims, they are likewise barred, as they flow from the alleged oral contract and are merely derivative.").

to integrate its shipping with a third party, and that Plaintiff "completed this required performance" because it "invested in programming and development to integrate with Watkins Shepard's LTL shipping system."). Indeed, recognizing that it did not properly allege its fully performance, Plaintiff now seeks to file an amended complaint which affirmatively states that it fully performed each agreement. *See* D.E. 29-1 at 4 ¶ 13 ("In reliance on these promises, OJC undertook this investment and fully performed."). Accordingly, the Court denies Plaintiff's motion for reconsideration on this ground.

        B.   Number of Agreements

In its complaint Plaintiff referred to one oral "contract" entered into in December 2017, but for the purposes of arguing against the application of the statute of frauds in its response to Defendant's motion to dismiss, Plaintiff sought to construe its complaint as asserting that there were four contracts formed in: July, September, November, and December 2017. D.E. 27 at 12. Ultimately, the Court took no opinion on the number of contracts as even if there were four oral contracts, each contract was equally barred by the statute of frauds because they all required performance through the end of 2018. *Id.* In the instant Motion, Plaintiff now argues that the Court erred because it combined two oral contracts, the oral contracted dated November 2017 and a separate oral contract dated "toward the end of 2017." D.E. 11 ¶ 19. According to Plaintiff, this oral contract from "toward the end of 2017" did not require performance throughout 2018. D.E. 29 at 9. The Court is not persuaded by this argument.

First, although the Court must read the complaint in the light most favorable to Plaintiff, as the Court previously explained, the most logical interpretation of the allegations in the complaint and the response to Defendant's motion to dismiss is that there was only one contract whose terms incorporated all the previous oral discussions. *See* D.E. 27 at 12-13 n.2. ("'The allegations above

demonstrate that the <u>parties mutually assented to a certain and definite proposition</u> that left no

essential terms open. Specifically, the essential terms were that OJC promised to (a) setup Watkins

Shepard's LTL shipping service . . . [Plaintiff] has satisfied <u>all conditions precedent</u> to the <u>contract</u>

. . . [Defendant] materially breached <u>the contract</u> . . . In the event this Court finds <u>no contract exists</u>

. . .'  This is also reflected in Plaintiff's response to Defendant's motion to dismiss, which . . .

<u>references a singular oral contract</u>: '**IV. OJC's complaint sufficiently alleged mutual assent and**

**essential terms to establish the existence of an enforceable oral <u>contract</u>** . . . .'") (emphasis in

original) (quoting D.E. 11).

Moreover, even if there was an additional fifth oral contract "towards the end of 2017," it

is plainly barred by the statute of frauds because it  requires performance through 2018:

> Towards the end of 2017, Ashley requested OJC update its catalogue of Ashley products with the thousands of new and updated items Ashley had rolled out for 2018. Ashley reiterated its promise that if OJC undertook this investment, it would provide OJC with greater access, increased merchandise, discounts, incentives, and support <u>through the 2018 calendar year</u> so that, in 2018, OJC would earn back all the money it invested, and more.

D.E. 11 ¶ 19 (emphasis added). Plaintiff's argument that Defendant could fully perform prior to

the end of 2018 by providing sufficient discounts to Plaintiff to recoup its investment in 2018 is

similarly unavailing. The plain language of this agreement required Defendant to provide Plaintiff

with support <u>through the 2018 calendar year</u>. Contrary to Plaintiff's assertions, this obligation does

not end if Plaintiff earns "back all the money it invested," as evidenced by the words "and more."

Accordingly, the Court denies Plaintiff's Motion on this ground.

C.  Severance

Plaintiff next argues that the Court should construe each of the "five" oral agreements as

containing two sub-agreements, one that violated the statute of frauds and one that did not. D.E.

29 at 11-12. Plaintiff then asserts that the Court should sever the portion of the oral contract that

is barred by the statute of frauds, but leave the remainder of the contract intact. *Id.* The Court

agrees with Defendants that this is not a proper subject of a motion for reconsideration. Plaintiff

does not allege that the Court committed manifest error of law, fact, or a mistake. Instead, Plaintiff

is seeking to raise new arguments[2] regarding severability that could have been raised with regard

to the motion to dismiss; this is not the proper subject of a motion for reconsideration. *O'Neal v.*

*Kennamer,* 958 F.2d 1044, 1047 (11th Cir. 1992) (holding that motions to amend judgment under

rule 59(e) "should not be used to raise arguments which could, and should, have been made before

the judgment was issued."); *see also Stephens v. Tr. for Pub. Land*, No. CIV.A. 1:05-CV-1366-,

2007 WL 3046510, at *1 (N.D. Ga. Oct. 17, 2007) ("a motion for reconsideration may not be used

to offer new legal theories or evidence that could have been presented in a previously filed motion

or response, unless a reason is given for failing to raise the issue at an earlier stage in the

litigation."). Accordingly, the Court denies Plaintiff's Motion on this ground.

        D.  Unjust Enrichment

The Court dismissed Plaintiff's unjust enrichment claims because it found that Plaintiff had

failed to plead that Defendant had received and voluntarily retained a benefit from Plaintiff without

paying the value of such benefit to Plaintiff. D.E. 27 at 16-18. In the instant Motion, Plaintiff

argues that it did allege these elements by pointing to various portions of its complaint. D.E. 29 at

14-15. This argument is not persuasive. Plaintiff is merely re-arguing the same grounds it alleged

in response to Defendant's motion, and the paragraphs cited still fail to state a claim. *Compare*

D.E. 29 at 14-15 (alleging that Plaintiff conferred a benefit upon Defendant because Plaintiff's

marketing efforts increased Defendant's brand recognition), *with* D.E. 18 at 20 ("OJC plead unjust

---

[2] Plaintiff's assertion that it raised these arguments on pages 10-12 of its response to Defendant's Motion is unavailing; there is no reference to this argument or any of the precedent to which Plaintiff now cites in its motion for reconsideration. *See* D.E. 18 at 10-12.

enrichment by alleging Ashley benefited from Ashley's marketing and promoting its products.");
*see also See* D.E. 27 at 17-18 (explaining why Plaintiff's claims failed to state a claim for unjust enrichment). This is not the proper subject for a motion for reconsideration. *Kennamer,* 958 F.2d 1044; *Marrero*, No. 1:17-CV-21026-UU, 2017 WL 6601468 (Ungaro, J.). Accordingly, the Court denies Plaintiff's Motion on this ground.

In its order on Defendant's motion to dismiss, the Court found that "Plaintiff cannot amend the unjust enrichment claim because, as a matter of law, Plaintiff cannot allege any tangible benefits wrongfully retained by Defendant. If non-payment of accepted orders had occurred, Plaintiff could have, and presumably would have made, that clear in its Amended Complaint." D.E. 27 at 18. In the instant Motion, Plaintiff now moves in the alternative to amend its complaint to properly state a claim for unjust enrichment. In support, Plaintiff argues that it can now amend its complaint to plausibly allege an unjust enrichment claim. D.E. 29 at 15. Specifically, Plaintiff argues that it can now allege specific facts indicating that it provided Defendant with a benefit in the form of advertising and increased brand recognition, increasing Defendant's sales, but the amount Defendant paid Plaintiff did not equal the benefit and increased sales that Defendant from Plaintiff's marketing. The Court is not convinced that this amendment plausibly alleges an unjust enrichment claim. First, Plaintiff's proposed amended complaint belies its claim that it can plead specific facts to support its claim because it pleads these elements in entirely  conclusory fashion. *See, e.g.,* D.E. 29-1 ¶ 99 ("OJC's marketing, advertising, and promoting of Ashley's products have conferred a benefit on Ashley in the form of increased sales and brand recognition."). Second, the oral contracts at issue say little to nothing about the amount of marketing or increased sales required  and it would be nearly impossible to determine what percentage of Defendant's increased sales were due to Plaintiff's marketing.

More importantly, the law in this circuit is well-settled that leave to amend is properly denied when the Court denies relief under Rule 59. As the Court has denied Plaintiff's motion for reconsideration, it similarly finds that Plaintiff's belated attempt to amend its complaint must also be denied. *See David Johnson Constr. Co. v. Clearing Consulting, Inc.,* 722 F. App'x 934, 937 (11th Cir. 2018) (Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) . . . the District Court dismissed Plaintiff's complaint for failure to state a claim and entered judgment prior to Plaintiff filing the motion for leave to amend at issue . . .  the Court properly denied Plaintiff's request for relief  . . . under Rule 59(e). Thus, we cannot say the District Court abused its discretion in denying Plaintiff leave to amend its complaint post-judgment."); *Melyvn H. Miller v. Houlihan Lokey Howard & Zukin*, 2006 WL 8433267, * 3 (S.D. Fla. 2006) (Ungaro, J.) ("Plaintiff does no more than re-litigate old issues and raise arguments that could have been raised prior to the entry of the Order. Therefore, relief pursuant to Fed. R. Civ. P. 59 (e) is unavailable . . . Similarly, Plaintiff's request for leave to amend the Complaint after it was dismissed and the case was closed is belated. Therefore leave to amend must be denied."); *see also Caringondemand, LLC v. Ventive LLC,* 2018 WL 3778663, *2 (S.D. Fla. 2018) ("In light of the . . . closure of the case, the Court finds that Plaintiff's request for leave to amend is improper. To find otherwise would allow parties to extend litigation *ad infinitum*, giving them free reign to re-litigate claims by amending a pleading after an adverse adjudication of the issues or upon the realization that a critical form of relief was never sought in the first instance."); *Federal Housing Finance Agency v. Deloitte & Touche, LLP*, 2017 WL 1534948, *2 (S. D. Fla. 2017) ("Since the original plaintiffs have not met their burden under Rule 59(e), the Court denies leave to amend.").

## IV.    <u>Conclusion</u>

For the reasons set discussed *supra*, Plaintiff's Motion, D.E. 29, is DENIED. The case remains

closed.

DONE AND ORDERED in Chambers at Miami, Florida, this __7th_ day of May, 2019.


_____

URSULA UNGARO
UNITED STATES DISTRICT JUDGE


cc:  counsel of record via cm/ecf